**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEBTWAVE CREDIT COUNSELING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**(EXEMPT ORGANIZATION)**

Pursuant to 26 U.S.C. § 7428 and Federal Rule of Civil Procedure 57, plaintiff DebtWave Credit Counseling, Inc. ("DebtWave") seeks a declaratory judgment that (i) DebtWave is an organization exempt from federal income taxation under 26 U.S.C. § 501(c)(3), (ii) DebtWave is a public charity as described in 26 U.S.C. § 509(a)(2), (iii) the Internal Revenue Service ("IRS") erred in revoking DebtWave's tax-exempt status, and (iv) the IRS abused its discretion in applying its revocation of DebtWave's tax-exempt status retroactively back to January 1, 2005.

**PARTIES**

1.  DebtWave is incorporated as a not-for-profit corporation under the laws of the State of California. DebtWave's principal office is located at 8665 Gibbs Drive, Suite 100, San Diego, California 92123. DebtWave's employer identification number is 91-2156504.

2.  DebtWave is organized and operated for the charitable and educational purpose of providing educational financial counseling services to individuals experiencing financial distress, and has engaged in activities in furtherance of its charitable and educational purpose at all times since its formation. As such, DebtWave is an organization exempt from federal income tax on

related income as defined by 26 U.S.C. § 501(c)(3), and is a public charity as described in 26 U.S.C. § 509(a)(2).

3. Defendant is the United States of America. The United States of America is a proper defendant because the IRS is an agency of the United States government.

## JURISDICTION

4. This Court has jurisdiction over this case pursuant to 26 U.S.C. § 7428.

5. Pursuant to 26 U.S.C. § 7428, the United States District Court for the District of Columbia has jurisdiction to make a declaratory judgment with respect to DebtWave's initial qualification or continuing qualification with respect to its tax-exempt status as an organization described in 26 U.S.C. § 501(c)(3), or initial classification or continuing classification with respect to its status as a public charity described in 26 U.S.C. § 509(a).

## FACTS

**I.    IRS's Recognition of DebtWave's Tax-Exempt Status**

6. DebtWave filed a Form 1023, Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code ("Application for Recognition of Exemption") with the IRS in November 2001, and received a favorable determination letter dated January 3, 2002, recognizing DebtWave as exempt from federal income tax pursuant to 26 U.S.C. § 501(c)(3) and as a public charity under 26 U.S.C. § 509(a)(2).

7. DebtWave's Application for Recognition of Exemption contained no material omissions or misstatements of fact.

8. DebtWave's activities have not materially changed from those disclosed in its Application for Recognition of Exemption.

9. DebtWave has relied on the IRS's favorable determination in good faith and conducted its activities in accordance with the representations made in its Application for Recognition of Exemption.

10. There was no change in law between the date on which the IRS initially recognized DebtWave's tax-exempt status on January 3, 2002, and the date to which the IRS has retroactively applied the revocation, January 1, 2005.

## II. IRS Wrongfully Seeks to Retroactively Revoke DebtWave's Tax-Exempt Status

11. In 2008, the IRS commenced an examination of DebtWave's activities for the tax periods ended December 31, 2005; December 31, 2006; and December 31, 2007 (the "Examined Years").

12. The IRS's examination of DebtWave's operations was limited to the Examined Years.

13. During the IRS's examination of DebtWave's operations, the IRS did not consider any facts or changes in the law pertaining to periods subsequent to the Examined Years.

14. Based on its examination, the IRS proposed revocation of its recognition of DebtWave's tax-exempt status under 26 U.S.C. § 501(c)(3) by a letter and Form 866-A, Revenue Agent's Report, dated October 30, 2009 (the "Proposed Revocation").

15. The IRS Proposed Revocation sought to retroactively revoke its recognition of DebtWave's tax-exempt status to January 1, 2005.

16. The IRS's position in the Proposed Revocation was limited to the allegations that:

   a) DebtWave was substantially engaged in activities that did not further its exempt purpose;

   b) DebtWave's operations conferred a more than incidental benefit on private individuals; and

        c)      DebtWave's net assets inured to a private shareholder or individual.

17.     The Proposed Revocation did not discuss or provide a basis for the IRS's retroactive application of the proposed revocation back to January 1, 2005.

18.     In its Proposed Revocation, the IRS did not claim or determine that DebtWave made any material omission or misstatement in its Application for Recognition of Exemption.

19.     In its Proposed Revocation, the IRS did not claim or demonstrate that DebtWave's activities materially changed from those disclosed in its Application for Recognition of Exemption.

20.     The IRS's unsupported and unexplained retroactive application of its Proposed Revocation constitutes an abuse of its discretion conferred by 26 U.S.C. § 7805(b)(8).

21.     On January 25, 2010, DebtWave submitted its written protest of the IRS's Proposed Revocation (the "January 2010 Protest"), and requested a conference with an IRS Appeals Officer. In the January 2010 Protest, DebtWave corrected factual errors in the Proposed Revocation and explained that the IRS position was based on an erroneous application of law to the facts.

22. By a letter dated March 7, 2014, the IRS issued a Final Adverse Determination Letter ("FADL") informing DebtWave of the IRS's final adverse determination revoking its recognition of DebtWave's tax-exempt status under 501(c)(3). The FADL further indicates that the IRS's adverse determination is to be retroactively applied to all periods beginning on or after January 1, 2005.

23. In addition to the FADL, the IRS issued a Form 886-A (collectively with the FADL, the "Revocation Letter"), purporting to explain the basis for the IRS's conclusions in the FADL.

24. The conclusions stated in the Revocation Letter are erroneous for the following reasons:

   a) The IRS erroneously concluded that more than an insubstantial amount of DebtWave's activities were in furtherance of a non-exempt purpose;

   b) The IRS erroneously concluded that DebtWave's operations conferred more than an incidental benefit on private individuals; and

   c) The IRS erroneously concluded that DebtWave's net earning inured to the benefit of a private shareholder or individual.

25. The IRS's position regarding revocation of the DebtWave's ongoing tax-exempt status for years subsequent to the Examined Years is arbitrary and erroneous because the IRS failed to develop or consider any facts pertaining to DebtWave's activities during periods subsequent to the Examined Years.

26. The IRS's retroactive application of its revocation of DebtWave's tax-exempt status is erroneous because:

   a) The IRS has failed to adhere to its own published administrative requirements in retroactively applying its FADL, including Revenue Procedure 2014-5, section 18.06 which requires that where a "a letter ruling or determination letter to a taxpayer or a [technical advice memorandum] involving a taxpayer is modified or revoked with retroactive effect, the notice to the taxpayer, except in fraud cases, sets forth the grounds on which the modification or revocation is being made and why the modification or revocation is being applied retroactively;"

    b)    The statute of limitations for the assessment of taxes under 26 U.S.C. § 6501 has lapsed for two of the periods subsequent to the Examined Years to which the IRS's revocation will be retroactively applied, specifically tax years ended December 31, 2008, and December 31, 2009; and,

    c)    The IRS has not examined any of DebtWave's tax years subsequent to the Examined Years which are subject to the IRS's revocation.

27. The facts upon which DebtWave relies as the basis for its case are:

    a) DebtWave is an educational organization as described in 26 USC § 501(c)(3);

    b) DebtWave made no material omissions or misstatements of fact in its Application for Recognition of Exemption;

    c) DebtWave's activities have not materially changed from those disclosed in its Application for Recognition of Exemption;

    d) At all times since its initial recognition as an educational organization described in 26 .US.C. § 501(c)(3), DebtWave has relied on the IRS's determination in good faith; and,

    e) There was no change in law between the date on which the IRS initially recognized DebtWave's exemption, January 3, 2002, and the date to which the IRS has retroactively applied the revocation, January 1, 2005.

28. Prior to bringing this action, DebtWave exhausted all of its administrative remedies before the IRS.

WHEREFORE, pursuant to 26 U.S.C. § 7428, DebtWave requests that this Court:

a) Issue a judgment declaring that for the tax periods ended December 31, 2005; December 31, 2006; December 31, 2007; December 31, 2008; December 31, 2009; December 31, 2010; December 31, 2011; December 31, 2012; and December 31, 2013, DebtWave was an organization exempt from federal income tax on related income as defined by 26 U.S.C. § 501(c)(3), as amended, and that DebtWave (i) was and is an organization exempt from federal income tax under 26 U.S.C. § 501(c)(3); (ii) was and is a public charity as described in 26 U.S.C. § 509(a)(2); and (iii) continues to qualify as such an organization;

b) Issue a judgment declaring that the IRS erred in issuing its Revocation Letter with respect to DebtWave's tax-exempt status;

c) Issue a judgment declaring that the IRS abused its discretion by its retroactive application of the revocation under 26 U.S.C. § 7805(b)(8)(A);

d) Grant DebtWave its reasonable litigation costs incurred in connection with this action, including attorneys' fees and costs incurred as allowed by applicable statute(s), including 26 U.S.C. § 7430; and,

e) Grant DebtWave such other, further and additional relief as the Court deems just and proper.

Dated: June 5, 2014                                            Respectfully submitted,

/s/ Ari N. Rothman
Ari N. Rothman (D.C. Bar No. 481334)
Matthew T. Journy (D.C. Bar No. 984588)
Molly T. Cusson (D.C. Bar No. 981323)
VENABLE LLP
575 Seventh Street, N.W.
Washington, DC 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
anrothman@venable.com
mtjourny@venable.com
mtcusson@venable.com

*Attorneys for Plaintiff*
*DebtWave Credit Counseling, Inc.*